McCRARY v. STATE OF INDIANA.

[No. 30,762. Filed May 27, 1966.
Rehearing denied July 11, 1966.]

*Ferdinand Samper* and *Jack W. Broadfield,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General and *James Manahan,* Deputy Attorney General, for appellee.

RAKESTRAW, C. J.—The appellant, on January 2, 1964, filed his verified amended petition for writ of error coram nobis in the court below. The State of Indiana filed a demurrer to the verified petition. The demurrer was sustained, and the appellant declined to plead over. He now seeks this appeal from the judgment of the trial court.

The verified amended petition for writ of error coram nobis is a document of 18 legal size pages. Attached to the amended petition for writ of error coram nobis was a memorandum in support thereof. From the petition for writ of error coram nobis, it appears that the appellant was convicted of second degree murder in the Putnam Circuit Court on March 28, 1956. Since that time, he has filed several petitions of various kinds in various courts, including a prior petition in this court.

There are not many facts alleged in the petition. Among the allegations of fact not contained in the petition is an allegation that the appellant is innocent of the crime of which he was convicted. He does claim in his petition that he was held for five days before the formal charge was filed, that a pauper counsel was appointed to defend him and that he was given a jury trial.

Most of the matters attempted to be raised in the appellant's petition have to do with the conduct of his counsel during the trial. He claims that his counsel advised him that there was no defense of temporary insanity in Indiana, that his counsel refused to call certain witnesses on his behalf, that his counsel did call certain witnesses who did not testify advantageously to him, that his counsel did not move for a separation of the witnesses, that his counsel did not ask to have the jury separated and locked up during the trial, that his counsel did not properly cross-examine, and that his counsel did not object to certain testimony which was damaging. The entire pleading is in terms of broad general conclusions, and there are few facts alleged therein.

The demurrer filed on behalf of the state set forth first that the court had no jurisdiction to hear a petition for writ of error coram nobis since the adoption of Supreme Court Rules 2-40 and 2-40A, providing for belated motions for new trial. As a second ground of demurrer, the state alleged that the amended petition for writ of error coram nobis did not state facts sufficient to grant the relief requested.

We are of the opinion that the latter ground of demurrer is valid, and that the court below did not err in sustaining the demurrer.

The only substantial contention made is that the trial counsel of the appellant did not competently defend him. Though there is apparently a transcript of the trial in existence, it is not before us for examination. We do know that an attorney defending a murder charge has a difficult task to perform, and that the performance of this task calls for a great many decisions of professional judgment. There are many cases where trial tactics seem to dictate that certain objections not be made, that certain witnesses not be called, and certain rights not be asserted. While it is easy to examine a transcript with the benefit of hindsight and say that other action should be taken, the attorney trying the case must make difficult professional judgment without the benefit of hindsight and on the basis of information available at the time. The right to a fair trial requires only that a fair consideration be given to the issues, and that in the process the defendant have the benefit of the good judgment of competent counsel. He is not entitled during the services of that nonexistent lawyer who never makes a mistake or whose every decision turns out to be a brilliant stroke of genius in trial tactics.

In his petition and in the memorandum attached thereto, the appellant maintains that he himself has prepared the petition and that he is unlearned in the law, and that therefore we should overlook technicalities. However, he has had

the assistance of counsel in filing his petition and in the taking of this appeal.

The amended petition for writ of error coram nobis does not state facts which tend to show that the appellant was prejudiced. If there are such facts, perhaps his counsel could better assist him by setting forth such facts in an appropriate pleading and secure the filing of it in the proper manner.

The judgment of the trial court is affirmed.

Arterburn and Myers, JJ., concur. Jackson, J., concurs in result. Achor, J., not participating.

NOTE.—Reported in 216 N. E. 2d 715.